JOURNAL ENTRY and OPINION
{¶ 1} In accordance with a plea agreement with the state, appellant, Eric Boland ("appellant"), pled guilty to two counts of sexual battery, one count of gross sexual imposition, and five counts of disseminating matters harmful to juveniles. The trial court sentenced appellant to a total of eight years in prison; namely, four years for one count of sexual battery to run consecutive to four years for the second count of sexual battery, and twelve months for gross sexual imposition and disseminating matters harmful to juveniles, to run concurrent with the eight years in prison. The trial court also found appellant to be a sexually oriented offender. Appellant now appeals his sentence. For the following reasons, this court affirms appellant's guilty plea, but vacates his sentence and remands for resentencing.
 {¶ 2} Although appellant cites three assignments of error, they will be simultaneously addressed based on the Ohio Supreme Court's recent holding in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, ___ N.E.2d ___, which found portions of Ohio's sentencing law unconstitutional and severed them. In his first assignment of error, appellant argues that the trial court violated his Sixth Amendment right to a jury trial, as construed in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, when it imposed more than the minimum and consecutive sentences. Then, in his second and third assignments of error, respectively, appellant argues that the trial court erred in imposing more than the minimum sentence without making the appropriate findings pursuant to R.C. 2929.14(B), and further argues that the trial court erred in imposing a consecutive sentence without making the statutory findings pursuant to R.C.2929.14(E).
 {¶ 3} The Ohio Supreme Court in Foster held, among other things, that judicial factfinding to overcome the minimum sentence or to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely. Foster, 2006-Ohio-856, ¶¶ 61, 64, and 67. As a result, appellant's first assignment of error is sustained.
 {¶ 4} In addition, the Foster court severed and excised, among other statutory provisions, R.C. 2929.14(B) and R.C.2929.14(E)(4), because imposing more than the minimum sentence or a consecutive sentence requires judicial factfinding. Id. at ¶¶ 97 and 99. After the severance, the Foster court held that judicial factfinding is no longer required before the trial court may impose more than the minimum, maximum, or a consecutive sentence. Id. Indeed, trial courts now enjoy "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100; cf. State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 27, ___ N.E.2d ___ (holding that judicial factfinding is required for downward departures pursuant to R.C. 2929.13(D) or a judicial release).
 {¶ 5} Here, the trial court specifically found, pursuant to R.C. 2929.14(B)(2), that the shortest prison term would demean the seriousness of the offense as well as not adequately protect the public from future crime when it imposed more than the minimum sentence on appellant. The trial court also found, pursuant to R.C. 2929.14(E)(4)(b), that the nature of appellant's crimes were so great as to require a consecutive sentence. Because the trial court relied upon two severed, excised, and unconstitutional statutes in imposing its sentence upon appellant, this court must vacate the sentence and remand the matter to the trial court for resentencing in accordance withFoster. See Foster, 2006-Ohio-856, at ¶ 103. Thus, appellant's second and third assignments of error are sustained.
 {¶ 6} Judgment affirmed in part, sentence is vacated and remanded to the trial court for resentencing in accordance withFoster.
This cause is affirmed in part, sentence is vacated and remanded for resentencing for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and Blackmon, J., Concur.